19471—Max E. Spitz v. H. A. Worman, et al; motion for Cuyahoga Appeals to certify. J. M. Friedlander, Cleveland, for pltf; Wilkin, Cross, Ginn & Morley, Cleveland, for defts.

19472—State of Ohio v. Lynn C. Boyatt; motion for Lucas Appeals to certify. R. R. Stuart, Toledo, for pltf; A. C. Risinger, Eaton, for deft.

19473—W. J. Leonard, Receiver of American Bonding and Casualty Co. v. State of Ohio and Harry L. Conn, as Superintendent of Insurance; motion for Franklin Appeals to certify. Oscar W. Newman, Columbus, for pltf; C. C. Crabbe, W. E. Benoy, Columbus, for deft.

19474—Elsworth Ryan v. State of Ohio; motion for Muskingum Appeals to certify. Tannehill, Weber & Weber, Zanesville, for pltf; C. C. Crabbe, Columbus, and C. J. Crossland, Zanesville, for deft.

19475—Ernest F. Renfro v. State of Ohio; motion for Muskingum Appeals to certify. J. C. Bassett, Zanesville, for pltf; C. C. Crabbe, Columbus, and C. J. Crossland, Zanesville, for deft.

19476—Cinderella M. Lang v. Lima Hospital Society; motion for Allen Appeals to certify. T. R. Hamilton, Lima, for pltf; J. H. Goeke, Lima, for deft.

19477—North Eastern Oil and Gas Co. v. Hellenic Petroleum and Gas. Co.; motion for Ashtabula Appeals to certify. R. E. Mygatt, Conneaut; and Tolles, Hogsett, Ginn & Morley, Cleveland for pltf.

19478—State of Ohio v. Otis McClish; motion for Paulding Appeals to certify. S. S. Beard, Paulding, and C. C. Crabbe, Columbus, for pltf.

19479—Board of Education Shaker Heights Village v. State of Ohio ex rel Board of Education of Beachwood Village School District; motion for Cuyahoga Appeals to certify. B. B. Wickham, Cleveland, for pltf; E. C. Stanton, E. J. Thobaben, Cleveland, for deft.

19480—Vernon B. Fetterman v. Electra A. Bingham, F. L. Bingham; motion for Cuyahoga Appeals to certify. H. M. Farnsworth, Cleveland, for pltf; Edward Blythen, E. C. Stanton, Cleveland, for defts.

19481—Adam Howard et al v. Commercial Savings Bank Co.; motion for Crawford Appeals to certify. W. J. Geer, Galion, for pltf; Edward J. Myers, Bucyrus, for deft.

**DEC. 12, 1925**

19482—John B. Evans v. Ida M. Bailey; motion for Trumbull Appeals to certify. G. H. Birrell, Warren, for pltf; Hyde and Hyde, Warren, for deft.

19483—J. C. Scott v. Pennsylvania-Ohio Electric Co.; motion for Trumbull Appeals to certify. Anderson, Lamb & Marsteller, Youngstown, for pltf; Harrington, DeFord, Huxley & Smith, Youngstown, for deft.

---

## Weekly Abstract of PENDING CASES

No. 993

CINCINNATI TRACT. CO. v. POEHL

No. 19343. Supreme Court

On motion to certify. Dock. Nov. 21, 1925; 3 Abs. 738.

677. JUDGMENTS—If judgment has been rendered against one of two tort-feasors, by court sitting as a jury, ca noral testimony be introduced to impeach alleged finality of former judgment?

Margaret Poehl filed a suit in the Hamilton Common Pleas against the Cincinnati Traction Co. for injuries which she sustained when she alighted from a street car of the Company at a regular stop. The Company set up as a bar and satisfaction to this action a judgment which Poehl recovered from the city for the same injury. A judgment was directed in favor of the company for this reason and upon prosecution of error, said judgment was reversed by the Court of Appeals.

In the Supreme Court, the company contended that Poehl had recovered a judgment of $300 in the Common Pleas in a suit against the city for its alleged negligence as to street repairs at the car stop. It is stated that when Poehl had been fully compensated by one tort-feasor she cannot seek further compensation from another tort-feasor for the same injuries. It is claimed that the Court of Appeals in its reversal recognized this principle and stated in its opinion that "We also adopt the rule that where a party has once received full satisfaction and compensation for an injury inflicted, no matter from which one of the several tort-feasors, all are thereby released."

It is contended that since the matter of damages was directly tendered in Poehl's pleadings in the case against the city; and since the matter of damages was determined by the court (a jury having been waived in that case) no oral evidence can be introduced to affect the judgment in any way. The authority of res adjudicata induces a presumption that everything contained in the judgment is true; and this presumption being juris et jure excludes every proof to the contrary.

It is submitted that the Court of Appeals was in error in holding that the introduction of oral testimony is not by way of collateral attack on the judgment. It is urged that such testimony collaterally impeaches the finality of the judgment, and that Poehl's own negligence caused the injury complained of.

Attorneys—De Camp, Suthphin & Brumleve for Traction Co.; C. H. Hallman for Poehl; all of Cincinnati.